IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

ASHLEY H. THOMPSON, mother,     *
JUSTIN THOMPSON, minor child,     *
JORDAN THOMPSON, minor child,     *
and RONALD C. THOMPSON,     *
husband,     *
      *
    Plaintiffs,     *
      * CASE NO.  2:06-cv-00420-WHA-DRB
v.     *
      *
GEO MARINE, INC., and     *
RUBEN GARZA, Chief Executive     *
Officer,     *
      *
    Defendants.     *

**ANSWER OF DEFENDANTS**

PARTIES

1.  Admitted upon information and belief.

2.  The Defendant Geo Marine, Inc., admits that it is a corporation headquartered in Plano, Texas.  Ruben Garza is the President and CEO of Geo Marine, Inc.  Ruben Garza was the driver of the vehicle involved in the accident at issue in this case.  All other allegations of this paragraph are denied.

COUNT ONE

3.  Admitted or denied as set forth above.

4.  The Defendants have insufficient information or knowledge to admit or deny the allegations of this paragraph.  Accordingly, all allegations of this paragraph are denied.

5.  The Defendant admits that he was stopped on the Interstate 65 northbound exit

ramp prior to the accident.

6. The Defendants have insufficient information or knowledge to admit or deny the allegations of this paragraph. Accordingly, all allegations of this paragraph are denied.

7. The Defendants deny all liability and demand strict proof thereof.

8. The Defendants deny all liability and demand strict proof thereof.

9. The Defendants deny all liability and demand strict proof thereof.

10. The Defendants deny all liability and demand strict proof thereof.

## COUNT TWO-WANTONNESS

11. Admitted or denied as set forth above.

12. The Defendants deny all liability and demand strict proof thereof.

13. The Defendants deny all liability and demand strict proof thereof.

## COUNT THREE-LOSS OF CONSORTIUM

14. Admitted or denied as set forth above.

15. The Defendants deny all liability and demand strict proof thereof.

16. The Defendants deny all liability and demand strict proof thereof.

17. The Defendants deny all liability and demand strict proof thereof.

## DEFENSES

1. The Defendants plead the general issue.

2. The Defendants plead the defense of contributory negligence.

3. The Defendant plead the defense of assumption of the risk.

4. The Defendants assert that any damages or injuries incurred by the Plaintiffs

were proximately caused by the actions or inactions of others.

5.  The Defendants assert that the Court lacks subject matter jurisdiction.

6.  The Defendants assert that the Court lacks in personam jurisdiction.

7.  The Defendants assert that venue is not proper in this case.

8.  The Defendants plead the defense of last clear chance.

9.  The Defendants plead lack of agency as a defense.

10. The Defendants assert that Ruben Garza was not acting in the line and scope of his employment with Geo-Marine, Inc., at the time of the accident.

11.  To the extent the Plaintiff's Complaint seeks the recovery of punitive damages, said punitive damages are limited pursuant to the applicable statutes and regulations found in the Alabama Code and the United States Constitution.

## CONSTITUTIONAL DEFENSES

1.      It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiffs' satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

2.      The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

3

3.      The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

4.      The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

5.      The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

6.      The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the fifth and fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

7.      The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution.

8.      Defendant avers that the Plaintiffs' demand for punitive damages in the instant case is subject to those limitations established by the Alabama Legislature and set

4

forth at § 6-11-21, Ala. Code 1975.

9.    The Defendant asserts that any punitive damages awarded against joint tortfeasors in this case should be apportioned according to each Defendant's proportionate degree of culpability.  Any recovery of punitive damages by execution from a Defendant who does not deserve a penalty or who deserves a lesser penalty based upon his or her fault, others who may be culpable and deserving of the penalty go unpunished, is unconstitutional and inconsistent with the policy underlying punitive damages in Alabama.


/s/ S. Anthony Higgins
S. ANTHONY HIGGINS
Attorney for Defendant Geo-Marine, Inc.

OF COUNSEL:
NIX HOLTSFORD GILLILAND HIGGINS & HITSON, P.C.
P. O. Box 4128
Montgomery, Alabama 36103
Tel: 334-215-8585
Fax: 334-215-7101

## CERTIFICATE OF SERVICE

I hereby certified that on the 6th day of June, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Virginia Lucci, Esq.
Nelson Law, LLC
25 S.  Court Street
Montgomery, AL 36104


/s/S. Anthony Higgins
Of Counsel