IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| ASHLEY H. THOMPSON, mother, <br> JUSTIN THOMPSON, minor child, <br> JORDAN THOMPSON, minor child, <br> and RONALD C. THOMPSON, <br> husband, <br><br> Plaintiffs, <br><br> v. <br><br> GEO MARINE, INC., and <br> RUBEN GARZA, <br><br> Defendants. | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * CIVIL ACTION NO. 2:06-cv-420-WHA <br> * <br> * <br> * <br> * <br> * <br> * |

**BRIEF OF GEO-MARINE INC. IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT**

**PROCEDURAL HISTORY**

This case involves an automobile accident which occurred on August 18, 2005, near Prattville, Alabama. (See Exhibit A, Complaint). The Defendant, Ruben Garza, was involved in a collision with a vehicle operated by the Plaintiff, Ashley Thompson, at the intersection of I-65 and U.S. Highway 31 near Prattville. *Id.* Ruben Garza was operating a pick-up truck owned by his employer, Geo-Marine, Inc., at the time of the accident. (See Exhibit C, Aff. of R. Garza).

On or about May 9, 2006, the Plaintiffs filed suit in this case against Ruben Garza and his employer, Geo-Marine, Inc. ("GMI"). (See Exhibit A, Complaint). The Complaint asserts claims of (1) negligence, (2) wantonness, and (3) loss of consortium. *Id.* Although the Complaint names GMI as a Defendant and references the fact that Ruben Garza was

operating a "company vehicle," there is no specific claim based on agency or respondeat superior, nor are there any direct claims asserted against GMI for allowing Garza to use the vehicle or entrusting the vehicle to Garza for his use. *Id.*

On or about June 6, 2006, the Defendants filed a timely Answer to the Complaint. (See Exhibit B, Answer of Defendants). The Answer filed by the Defendants asserts "lack of agency" as a defense and, further, asserts that "Ruben Garza was not acting in the line and scope of his employment with Geo-Marine, Inc., at the time of the accident." *Id.* As set forth in more detail below, it is the contention of GMI that Ruben Garza was on a purely personal mission or errand at the time of the accident and was not acting within the line and scope of his employment with GMI.

## STANDARD OF REVIEW

Under Rule 56(c), Fed.R.Civ.P., summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the nonmoving party has failed to present evidence in support of some

element of its case on which it bears the ultimate burden of proof.  *Id.* at 323-23.

Once the moving party has met its burden, Rule 56(e), "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"  *Id.* at 323.  To avoid summary judgment, the nonmoving party 'must do more than show that there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  On the other hand, the evidence of the nonmovant must be believed and all justifiable inferences must be drawn in its favor.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986).

After the nonmoving party has responded to the motion for summary judgment, the Court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Rule 56, Fed.R.Civ.P.

## UNDISPUTED MATERIAL FACTS

This case involves an automobile accident which occurred on August 18, 2005, at the intersection of I-65 and U.S. Highway 31 near Prattville, Alabama.  (See Exhibit A, Complaint).  The Plaintiff, Ashley H. Thompson, was operating a vehicle on U.S. Highway 31 with her son, Justin Thompson, as a passenger.  *Id.*

Attached hereto as Exhibit C is the Affidavit of Ruben Garza.  In this affidavit, Garza states the following with respect to the vehicle he was driving at the time of the accident and the purpose of his trip to Alabama:

> My name is Ruben G. Garza.  I am a resident of the State of Texas and serve as President and Chief Executive Officer of Geo-Marine, Inc. ("GMI").

> GMI is a Texas corporation which provides engineering and environmental services throughout the United States and abroad.
>
> On August 17, 2005, I was involved in an automobile accident near Prattville, Alabama. The pick-up truck I was driving at the time of the accident was owned by GMI and was used by me both for business and personal use. The purpose of my trip to Alabama was to drop off my grandson at college at Auburn University-Montgomery. I was not in Alabama on any type of business purpose for GMI and the sole reason for my trip to Alabama was to drop off my grandson at college. At the time of the wreck, I was on a purely personal mission and was not acting in the line and scope of my employment or on behalf of GMI.

(See Exhibit C, Aff. of R. Garza).

Based on the foregoing, as well as the argument set forth below, GMI asserts that it is entitled to summary judgment with respect to any claims against it which are premised on agency or respondeat superior.

## ARGUMENT

Although the Complaint does not specifically assert a claim against GMI, it does assert claims of (1) negligence, (2) wantonness, and (3) loss of consortium against Ruben Garza. (See Exhibit A, Complaint). The Complaint does point out the undisputed facts that Ruben Garza is the Chief Executive Officer of GMI and was operating a "company vehicle" at the time of the accident. Although not expressly asserted, solely for purposes of this motion, GMI assumes that the Plaintiffs' Complaint can be interpreted to assert the above-described claims against GMI based on general Alabama principles of agency and respondeat superior. GMI notes there are no direct claims (e.g., negligent entrustment, negligent training, negligent hiring, etc.) asserted

against it in the Complaint filed in this case.[1]

It is undisputed that the vehicle Garza was driving at the time of the accident was owned by GMI and that GMI was an employee of the company. Alabama law is well-settled:

> "'To recover for damages for injuries sustained in an automobile accident against the driver's employer upon a theory of respondeat superior, it is incumbent upon plaintiff to prove that the collision occurred while the driver was within the scope of his employment, and happened while he was in the accomplishment of objectives within the line of his duties.'"

*Pryor v. Brown & Root USA, Inc.*, 674 So.2d 45, 48 (Ala. 1995), quoting *Perdue v. Mitchell*, 378 So.2d 650, 653 (Ala. 1979).

Garza's use of a company vehicle gives rise to an administrative presumption that his use of the vehicle was in the scope of his employment. *Coker v. Penfield Chair Co.*, 836 So.2d 878, 880 (Ala.Civ.App. 2002). However, the principles of respondeat superior are the principles which determine the liability of a corporation for the torts of its employees, whether agent or servant, not the principles of agency. *Id.* at 880-881. Once agency or scope of employment are rebutted, the administrative presumption no longer makes agency or scope of employment a fact question. See, *Durbin v. B.W. Capps & Son, Inc.*, 522 So.2d 766, 768 (Ala. 1988).

In the case at bar, GMI has clearly rebutted the administrative presumption described above and established that Ruben Garza's use of the vehicle owned by GMI was not connected with his duties as an employee of the company. For example, in *Tyus v. Reynolds*, 794 So.2d 1189 (Ala.Civ.App. 2001), the Court rejected a claim of respondeat superior against the owner of a vehicle based on the following facts:

---

[1] Pursuant to the Court's Uniform Scheduling Order, the deadline for motions to amend the pleadings or add parties was June 28, 2006.

> "[T]he testimony indicated that [the defendant driver] left school, took his mother to an engagement at the United Methodist Children's Home and then went to a fast-food restaurant to purchase food. After purchasing food, [the defendant driver] drove toward his girlfriend's home; he saw her heading in another direction, so he decided to drive home. He was on his way home when the accident occurred. Similar testimony has been held sufficient to rebut the administrative presumption. See *Smith v. Johnson*, 283 Ala. 151, 156, 214 So.2d 846, 851 (1968)."

794 So.2d at 1192.

Similarly, in the *Coker* case described above, the Court found that the administrative presumption was rebutted when the company-owned vehicle operated by the defendant driver was not leased for business use, but instead was leased to satisfy a divorce agreement. 836 So.2d at 881.

The undisputed facts in this case establish that Garza was using a company-owned vehicle on a purely personal errand. He was not in Alabama on any type of business but, rather, was here to drop off his grandson at a local college. These facts certainly overcome the above-described administrative presumption and entitle GMI to summary judgment in this case.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, GMI respectfully requests this Honorable Court to enter summary judgment in its favor. There are no disputed issues of fact and GMI is entitled to judgment as a matter of law on all claims asserted against it in the Complaint. It is undisputed that Garza was not acting in the line and scope of his employment with GMI at the time of the accident and, accordingly, GMI is entitled to summary judgment in this case.

Respectfully submitted this the 16th day of August, 2006.

/s/ S. Anthony Higgins
S. ANTHONY HIGGINS
Attorney for Defendant Geo-Marine, Inc.

OF COUNSEL:
NIX HOLTSFORD GILLILAND HIGGINS & HITSON, P.C.
P. O. Box 4128
Montgomery, Alabama 36103
Tel: 334-215-8585
Fax: 334-215-7101

## CERTIFICATE OF SERVICE

I hereby certified that on the 16th day of August, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Stanley A. Moorhouse, Esq.
Nelson Law, LLC
25 S. Court Street
Montgomery, AL 36104

/s/S. Anthony Higgins
Of Counsel