IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ASHLEY H. THOMPSON, etc., et al., ) | |
| Plaintiffs ) | Civil Action No: 2:06cv420-WHA |
| vs. ) | |
| GEO MARINE, INC., et al., & ) | |
| Ruben Garza, Chief executive Officer ) | |
| Defendants | |

PLAINTIFFS' ANSWER TO GEO-MARINE INC.'S MOTION FOR SUMMARY

JUDGMENT

Come now the Plaintiffs, Ashley H. Thompson, etc., et al., and in answer to the Defendant's motion for summary judgment, respectively states that there is a genuine dispute of material fact between the parties rendering a judgment as a matter of law inappropriate in this case. In support of this motion, the Plaintiffs submit the following:

1. The Complaint (attached as Exhibit A to Plaintiffs' Brief).

2. The answer of Geo Marine, Inc., and Ruben Garza (attached as Exhibit B).

3. The affidavit of Mr. Ruben Garza (attached as Exhibit C.)

4. Brief of the Plaintiffs in Opposition to Motion for Summary Judgment.

Wherefore, premises considered, the Plaintiffs respectfully request this Honorable Court to rule against the motion for summary judgment.

Respectfully submitted this the 6th day of September, 2006.

/s/ Stanley A. Moorhouse
Stanley A. Moorhouse
Attorney for the Plaintiffs
25 S Court St
Montgomery AL 36104
334 834 5700

Certificate of Service

I hereby certify that on the 6th day of September, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to:

S. Anthony Higgins, Esq
Nix Holtsford Gilliland Higgins & Hitson, PC
POB 4128
Montgomery AL 36103

/s/ Stanley A. Moorhouse
Stanley A. Moorhouse

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ASHLEY H. THOMPSON, etc., et al., | ) | |
| Plaintiffs | ) | Civil Action No: 2:06cv420-WHA |
| vs. | ) | |
| GEO MARINE, INC., et al., & | ) | |
| Ruben Garza, Chief executive Officer | ) | |
| Defendants | | |

BRIEF OF PLAINTIFFS IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

Procedural History

This case involves an automobile accident which occurred near Prattville, Alabama. (See Exhibit A, Complaint.) One of the Defendants, Mr. Ruben Garza, was operating a pick-up truck owned by Geo Marine, Inc., a company in which Mr. Garza was not only an employee, but also the President and Chief Executive Officer. (See the Answer of Geo Marine., Inc., and Ruben Garza, Chief Executive Officer.)

The Plaintiffs filed suit against Geo Marine, Inc., and Mr. Garza, identifying him as the Chief Executive Officer, and alleging (1) negligence, (2) wantonness, and (3) loss of consortium. (Exhibit A, Complaint.)

On or about August 16, 2006, the learned counsel for the defense filed a motion for summary judgment for Geo Marine, Inc., contending in its brief that "Although the Complaint names GMI as a Defendant and references the fact that Ruben Garza was operating a "company vehicle," there is no specific claim

based on agency or respondeat superior, nor are there any direct claims asserted against GMI for allowing Garza to use the vehicle or entrusting the vehicle to Garza for his use." The brief continues "it is the contention of GMI that Ruben Garza was on a purely personal mission or errand at the time of the accident and was not acting within the line and scope of his employment with GMI".

## Argument

It is the Plaintiffs' contention that the motion for summary judgment is premature. This case is still at an early stage of development. The Plaintiffs have not yet completed all of the allowed interrogatories, nor have the Plaintiffs yet conducted any depositions.

The Defendants diligently cite several cases to support their contention that Geo Marine, Inc. should be removed as a defendant, leaving Mr. Ruben Garza as the sole defendant. However, this case is distinguished by the fact that Mr. Ruben Garza is an employee of Geo Marine Inc., as well as the chief executive officer, and he is also the president of Geo Marine Inc. who was operating a vehicle owned by Geo Marine Inc. In this particular fact pattern, the roles and legal identities of Mr. Garza and Geo Marine, Inc., merge and one is inseparable from the other. At the time of the complained of accident, the employee, Mr. Garza, had the permission of the chief executive officer, also Mr. Garza, to operate a vehicle owned by Marine Geo Inc., in which Mr. Garza is also the president. Mr. Garza is the agent if not the embodiment of Geo Marine. No less that four legal entities were operating Geo Marine's company vehicle at the

time of the accident – an employee, the president, the chief executive officer, and the individual identified as Mr. Garza.

Wherefore, premises considered, the Plaintiffs' respectfully request that this Honorable Court deny GMI's motion for judgment as a matter of law.

Respectfully submitted this 6th day of September, 2006.

/s/ Stanley A. Moorhouse
Stanley A. Moorhouse
Attorney for the Plaintiffs

Of Counsel
Nelson & Lucci, LLC
25 S Court St
Montgomery AL 36104
334 834 5700

Certificate of Service

I certify that on the 6th of September, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of this filing to:

S. Anthony Higgins
Nix Holtsford Gilliland Higgins and Hitson, PC
POB 4128
Montgomery AL 36103

/s/ Stanley A. Moorhouse

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

RECEIVED
2006 MAY -9 P 1:46
DEBRA P. HACKETT
U.S. DISTRICT COURT
MIDDLE DISTRICT

| | |
|---|---|
| ASHLEY H. THOMPSON, mother ) | |
| & JUSTIN THOMPSON, minor child ) | |
| & JORDAN THOMPSON, minor child ) | CASE NO. 2:06CV420-A |
| & RONALD C. THOMPSON, husband ) | Demand for Jury Trial |
| ) | |
| Plaintiff(s), ) | |
| v. ) | |
| GEO MARINE, INC ) | |
| & Ruben Garza, Chief Executive Officer ) | |
| Defendant(s), ) | |

## COMPLAINT

### Parties

1.  The plaintiff and defendant are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interests and costs. This court has jurisdiction of this matter pursuant to 28 USC Sec. 1332 (diversity of citizenship).

2.  Plaintiffs, Ashley H. Thompson, her husband Ronald C. Thompson, their minor children, Justin Thompson and Jordan Thompson are residents of Prattville, in the State of Alabama. .

3.  Defendants are Geo Marine Incorporated, a corporation headquartered in Plano, Texas, with offices in Las Vegas, NV, El Paso, TX, San Antonio, TX, Knoxville, TN, Newport News, VA, and Panama City, FL, and Ruben Garza, the Chief Executive Officer of Geo Marine Incorporated, as well as the driver of the accident vehicle. Mr. Garza resides in Plano, TX.

## COUNT ONE

### Negligence

4. Plaintiff(s) reaffirms and re-alleges each and every preceding paragraph as set forth herein.

5. Plaintiff Ashley Thompson was properly operating the family motor vehicle on or about August 18, 2005, traveling on Highway US 31 at or near the intersection of Interstate 65, Exit 186, and Highway US 31, Prattville, AL. The minor child, Justin Thompson, was in the car with her.

6. Defendant(s) was operating the company vehicle, and stopped at the stop sign at Interstate 65, northbound exit ramp.

7. Plaintiff Ashley Thompson was properly traveling and operating the motor vehicle in the right hand lane of US 31, within the posted speed limit.

8. Defendant(s) proceeded past the stop sign and into the intersection without insuring first that there was no conflicting traffic, thus failing to yield the right of way.

9. Defendant(s) had a duty to safely operate the vehicle, and breached this duty by negligently failing to yield the right of way to Plaintiff's vehicle.

10. Defendant(s) was negligently operating a company vehicle, which slammed into the Plaintiff's vehicle.

11. As a proximate result of the Defendant'(s) said negligence, Plaintiff Ashley Thompson suffered pain and continuing disability. She also incurred medical and property damage expenses. The minor child Justin Thompson suffered minor injuries, incuring pain and medical expenses.

Wherefore, Plaintiff(s) demands judgment against Defendant(s) for such sum of compensatory damages as the court or jury may find to be just and reasonable, plus court costs.

## COUNT TWO

### Wantonness

12. Plaintiff(s) reaffirms and re-alleges each and every preceding paragraph as set forth herein.

13. On or about August 18, 2005, at or near the intersection of Interstate 65, Exit 186, and Highway US 31, Prattville, AL, Defendant(s) did wantonly operate a motor vehicle so as to allow the same to collide with the motor vehicle operated by Plaintiff Ashley Thompson, accompanied by the minor child Justin Thompson.

14. As a proximate result of the Defendant'(s) said wantonness, Plaintiff Ashley Thompson suffered pain and continuing disability. She also incurred medical and property damage expenses. The minor child Justin Thompson suffered minor injuries, incurring pain and medical expenses.

Wherefore, Plaintiff(s) demands judgment against Defendant(s) for such sum of compensatory and punitive damages as the court or jury may find to be just and reasonable, plus court costs.

## COUNT THREE

### Loss of Consortium

15. Plaintiff reaffirms and re-alleges each and every preceding paragraph as set forth herein.

16. On or about August 18, 2005, at or near the intersection of Interstate 65,

Case 2:06-cv-00420-WHA-TFM   Document 16-2   Filed 09/06/2006   Page 10 of 19

Case 2:06-cv-00420-WHA-DRB   Document 14   Filed 08/16/2006   Page 5 of 14
Case 2:06-cv-00420-WHA-DRB   Document 1   Filed 05/09/2006   Page 4 of 7

Exit 186, and Highway US 31, Prattville, AL, Defendant(s) did negligently or wantonly operate a motor vehicle so as to allow the same to collide with the motor vehicle operated by Plaintiff Ashley Thompson, accompanied by the minor child Justin Thompson.

17.  Plaintiff Ashley Thompson suffered pain, and continuing disability.

18.  As a proximate result of the Defendant'(s) said negligence or wantonness, the husband, Ronald Thompson, and the two minor children were caused to lose the consortium and society of the wife and mother, Ashley Thompson.

Wherefore, Plaintiff(s) claims punitive damages of the Defendant(s) because of the Defendant'(s) said conduct as the court or jury may find to be just and reasonable, plus court costs.

Plaintiff respectfully demands trial by jury of all the issues in this action.

Respectfully submitted this __9__ day of __May__, 2006.

_____
Stanley A. Moorhouse (MOO083)
Attorney for the Plaintiffs

Nelson Law, LLC
25 S Court St
Montgomery AL 36104
Ph 334 834 5700
Fx 334 834 5533

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| ASHLEY H. THOMPSON, mother, <br> JUSTIN THOMPSON, minor child, <br> JORDAN THOMPSON, minor child, <br> and RONALD C. THOMPSON, <br> husband, <br><br> Plaintiffs, <br><br> v. <br><br> GEO MARINE, INC., and <br> RUBEN GARZA, Chief Executive <br> Officer, <br><br> Defendants. | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * CASE NO. 2:06-cv-00420-WHA-DRB <br> * <br> * <br> * <br> * <br> * <br> * <br> * |

**ANSWER OF DEFENDANTS**

PARTIES

1. Admitted upon information and belief.

2. The Defendant Geo Marine, Inc., admits that it is a corporation headquartered in Plano, Texas. Ruben Garza is the President and CEO of Geo Marine, Inc. Ruben Garza was the driver of the vehicle involved in the accident at issue in this case. All other allegations of this paragraph are denied.

COUNT ONE

3. Admitted or denied as set forth above.

4. The Defendants have insufficient information or knowledge to admit or deny the allegations of this paragraph. Accordingly, all allegations of this paragraph are denied.

5. The Defendant admits that he was stopped on the Interstate 65 northbound exit

ramp prior to the accident.

     6. The Defendants have insufficient information or knowledge to admit or deny the allegations of this paragraph. Accordingly, all allegations of this paragraph are denied.

     7. The Defendants deny all liability and demand strict proof thereof.

     8. The Defendants deny all liability and demand strict proof thereof.

     9. The Defendants deny all liability and demand strict proof thereof.

     10. The Defendants deny all liability and demand strict proof thereof.

## COUNT TWO-WANTONNESS

     11. Admitted or denied as set forth above.

     12. The Defendants deny all liability and demand strict proof thereof.

     13. The Defendants deny all liability and demand strict proof thereof.

## COUNT THREE-LOSS OF CONSORTIUM

     14. Admitted or denied as set forth above.

     15. The Defendants deny all liability and demand strict proof thereof.

     16. The Defendants deny all liability and demand strict proof thereof.

     17. The Defendants deny all liability and demand strict proof thereof.

## DEFENSES

     1. The Defendants plead the general issue.

     2. The Defendants plead the defense of contributory negligence.

     3. The Defendant plead the defense of assumption of the risk.

     4. The Defendants assert that any damages or injuries incurred by the Plaintiffs

were proximately caused by the actions or inactions of others.

5. The Defendants assert that the Court lacks subject matter jurisdiction.

6. The Defendants assert that the Court lacks in personam jurisdiction.

7. The Defendants assert that venue is not proper in this case.

8. The Defendants plead the defense of last clear chance.

9. The Defendants plead lack of agency as a defense.

10. The Defendants assert that Ruben Garza was not acting in the line and scope of his employment with Geo-Marine, Inc., at the time of the accident.

11. To the extent the Plaintiff's Complaint seeks the recovery of punitive damages, said punitive damages are limited pursuant to the applicable statutes and regulations found in the Alabama Code and the United States Constitution.

## CONSTITUTIONAL DEFENSES

1. It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiffs' satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

2. The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

3.  The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

4.  The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

5.  The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

6.  The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the fifth and fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

7.  The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution.

8.  Defendant avers that the Plaintiffs' demand for punitive damages in the instant case is subject to those limitations established by the Alabama Legislature and set

4

forth at § 6-11-21, Ala. Code 1975.

9. The Defendant asserts that any punitive damages awarded against joint tortfeasors in this case should be apportioned according to each Defendant's proportionate degree of culpability. Any recovery of punitive damages by execution from a Defendant who does not deserve a penalty or who deserves a lesser penalty based upon his or her fault, others who may be culpable and deserving of the penalty go unpunished, is unconstitutional and inconsistent with the policy underlying punitive damages in Alabama.

/s/ S. Anthony Higgins
S. ANTHONY HIGGINS
Attorney for Defendant Geo-Marine, Inc.

OF COUNSEL:
NIX HOLTSFORD GILLILAND HIGGINS & HITSON, P.C.
P. O. Box 4128
Montgomery, Alabama 36103
Tel: 334-215-8585
Fax: 334-215-7101

## CERTIFICATE OF SERVICE

I hereby certified that on the 6th day of June, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Virginia Lucci, Esq.
Nelson Law, LLC
25 S. Court Street
Montgomery, AL 36104

/s/S. Anthony Higgins
Of Counsel

5

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| ASHLEY H. THOMPSON, mother, <br> JUSTIN THOMPSON, minor child, <br> JORDAN THOMPSON, minor child, <br> and RONALD C. THOMPSON, <br> husband, <br><br> Plaintiffs, <br><br> v. <br><br> GEO MARINE, INC., and <br> RUBEN GARZA, <br><br> Defendants. | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * CIVIL ACTION NO. 2:06-cv-420-WHA <br> * <br> * <br> * <br> * <br> * <br> * |

**STATE OF TEXAS** )
)
**COUNTY OF** Collin )

### AFFIDAVIT OF RUBEN G. GARZA

My name is Ruben G. Garza. I am a resident of the State of Texas and serve as President and Chief Executive Officer of Geo-Marine, Inc. ("GMI"). GMI is a Texas corporation which provides engineering and environmental services throughout the United States and abroad.

On August 17, 2005, I was involved in an automobile accident near Prattville, Alabama. The pick-up truck I was driving at the time of the accident was owned by GMI and was used by me both for business and personal use. The purpose of my trip to Alabama was to drop off my grandson at college at Auburn University-Montgomery. I was not in Alabama on any type of business purpose for GMI and the sole reason for my trip to Alabama was to drop off my grandson at college. At the time of the wreck, I

was on a purely personal mission and was not acting in the line and scope of my employment or on behalf of GMI.

_____
RUBEN G. GARZA

SUBSCRIBED AND SWORN TO BEFORE ME on this 21 day of July, 2006, to certify which witness my hand and seal of office.



_____
NOTARY PUBLIC
My Commission Expires: July 28, 2008

(SEAL)