IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

|  |  |  |
|---|---|---|
| ASHLEY H. THOMPSON, et al., | ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Civil Action No. 2:06-cv-420-WHA |
| GEO MARINE, INC., et al., | ) ) | (WO) |
| Defendants. | ) ) ) | |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

This case is before the court on a Motion for Summary Judgment (Doc. #14) filed by Defendant Geo-Marine, Inc. ("Geo-Marine"). This motion is in response to a Complaint filed in this court by the following Plaintiffs: Ashley H. Thompson, J.T. (a minor child), J.T. (a second minor child), and Ronald C. Thompson (collectively, the "Thompsons"). Jurisdiction is based on diversity of citizenship, whereas all Plaintiffs are domiciled in Alabama and both Defendants are domiciled in Texas. This lawsuit stems from an automobile accident which occurred on August 18, 2005 near Prattville, Alabama.

For the reasons to be discussed, the Motion for Summary Judgment is due to be GRANTED.

**II.  SUMMARY JUDGMENT STANDARD**

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the

moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Id. at 323. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing, or pointing out to, the district court that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. Id. at 322-324.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324. To avoid summary judgment, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). On the other hand, the evidence of the nonmovant must be believed and all justifiable inferences must be drawn in its favor. See Anderson v. Liberty Lobby, 477 U.S. 242, 255 (1986).

After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

### III.  FACTS

The submissions of the parties establish the following facts, viewed in a light most favorable to the nonmovants:

On August 18, 2005, an automobile accident occurred at the intersection of I-65 (Exit 186) and US 31 near Prattville, Alabama. Plaintiff, Ashley Thompson, operated her motor vehicle in the right hand lane of US 31, with her minor child, J.T., as a passenger in the vehicle. Defendant Ruben Garza, an employee, president, and chief executive officer of Defendant Geo-Marine operated a motor vehicle owned by Geo-Marine. Defendant Garza's vehicle was stopped at the stop sign on the northbound exit ramp of I-65. Defendant Garza proceeded through the stop sign and into the intersection, where the accident occurred. Plaintiffs Ashley Thompson and J.T. suffered personal injuries as a result of the accident.

## IV. DISCUSSION

It is undisputed that Geo-Marine owned the vehicle driven by Garza at the time of the accident and that Garza is an employee, president, and chief executive officer of Geo-Marine. Because the Thompsons' claims against Geo-Marine are grounded in negligence and wantonness on the part of Garza, as opposed to any direct claims, Geo-Marine's liability based on these claims attaches only under the theory of respondeat superior. Therefore, assessing the facts presented in a light most favorable to the nonmovant, this court must determine whether a genuine issue of material fact exists in regard to whether Geo-Marine is liable under the theory of respondeat superior.

Alabama law is well-settled:

> To recover for damages for injuries sustained in an automobile accident against the driver's employer upon a theory of respondeat superior, it is incumbent upon plaintiff to prove that the collision occurred while the driver was within the scope of his

>employment, and happened while he was in the accomplishment of objectives within the line of his duties.

Pryor v. Brown & Root USA, Inc., 674 So. 2d 45, 48 (Ala. 1995) (quoting Perdue v. Mitchell, 373 So. 2d 650, 653 (Ala. 1979)).  Alabama law further recognizes that the "[u]se of a vehicle owned by an employer creates an 'administrative presumption' that the employee was acting within the scope of his employment."  Pryor, 674 So. 2d at 48; see also Durbin v. B.W. Capps & Son, Inc., 522 So. 2d 766, 766-67 (Ala. 1988).  Thus, in the present situation, the Thompsons' complaint alone, alleging that Garza was driving a vehicle owned by Geo-Marine, gives rise to the presumption that Garza was acting within the scope of his employment.  Geo-Marine can overcome this presumption, however, by presenting evidence that Garza was not acting within the scope of his employment at the time of the accident.  Furthermore, "once agency or scope of employment are rebutted, the administrative presumption no longer makes agency or scope of employment a fact question."  Coker v. Penfield Chair Co., Inc., 836 So. 2d 878, 881 (Ala. Civ. App. 2002).

In determining whether an employee is acting within the scope of his employment, this court agrees with another judge in this district that the proper summary of Alabama law is as follows:

>"The rule which has been approved for determining whether certain conduct of an employee is within the line and scope of his employment is substantially that if an employee is engaged to perform a certain service, whatever he does to that end, or in furtherance of the employment, is deemed by law to be an act done within the scope of the employment."  Solmica of the Gulf Coast, Inc. v. Braggs, 285 Ala. 396, 401 (Ala.1970). Put another way, "the dispositive question is whether the employee was engaged in an act that he was hired to perform or in conduct that conferred a benefit on his employer."  Hulbert v. State Farm Mut. Auto. Ins. Co., 723 So.2d 22, 24 (Ala.1998).  Conversely, conduct is not within the scope of employment if it is "impelled by motives that are wholly personal."  Solmica, 285 Ala. at 401.

Waid v. U.S., No. 2:06-CV-171-MEF, 2006 WL 1766808, at *2 (M.D. Ala. June 26, 2006), Fuller, J.  Accordingly, Geo-Marine must present evidence that Garza was not engaged in any activity conferring a benefit on his employer at the time of the accident, but instead was using the vehicle for "wholly personal motives."  Upon such a showing, the administrative presumption is overcome, and no genuine issue of material fact remains with regard to the potential liability of Geo-Marine under the theory of respondeat superior.

Geo-Marine has presented this court with the affidavit of Defendant Garza.  In this affidavit, Garza states:

> The purpose of my trip to Alabama was to drop off my grandson at college at Auburn University-Montgomery. I was not in Alabama on any type of business purpose for GMI and the sole reason for my trip to Alabama was to drop off my grandson at college. At the time of the wreck, I was on a purely personal mission and was not acting in the line and scope of my employment or on behalf of GMI.

(Affidavit of Ruben G. Garza, ¶2).  Through the submission of this affidavit, Geo-Marine overcomes the presumption that, at the time of the accident, Garza was acting in the scope of his employment with the company.  Plaintiffs have submitted no evidence contradicting this.  Accordingly, because Geo-Marine has rebutted the scope of employment presumption and the Plaintiffs present no further evidence to support any claim against Geo-Marine under the theory of respondeat superior, no genuine issue of material fact exists.  Therefore, summary judgment is appropriate.

The Thompsons' Brief in Opposition to the Motion for Summary Judgment argues that the case is still at an early stage of development and the motion for summary judgment is premature.  This argument is without merit, however, because the Plaintiffs have failed to present any additional evidence supporting their claim of respondeat superior liability, although

the scheduling order, which authorized discovery to begin, was issued on June 29, 2006, and Plaintiffs were given three weeks to respond to Defendant's motion.  Moreover, the Plaintiffs have failed to file a motion under Rule 56(f) of the Federal Rules of Civil Procedure, praying for an extension of time to obtain affidavits or discovery.  Without such a motion, the Thompsons' argument is insufficient to overcome Geo-Marine's motion for summary judgment.  As noted above, once a moving party has met its burden, the nonmovant must go beyond its own pleadings and affidavits and present specific facts showing that there is an issue of fact for trial.  Here, the Thompsons have failed to present such specific facts.

## V. CONCLUSION

Upon consideration of matters presently before the court in this case,  it is hereby ORDERED as follows:

1.  Defendant Geo-Marine, Inc.'s Motion for Summary Judgment (Doc. # 14) is due to be and is hereby GRANTED.  Judgment is entered in favor of Defendant, Geo-Marine, Inc., and against the Plaintiffs.

2.  This action will proceed against Defendant Ruben G. Garza.

Done this 14th day of September, 2006.

/s/ W. Harold Albritton  
W.  HAROLD ALBRITTON  
SENIOR UNITED STATES DISTRICT JUDGE