IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| ASHLEY H. THOMPSON, mother, | * |
| JUSTIN THOMPSON, minor child, | * |
| JORDAN THOMPSON, minor child, | * |
| and RONALD C. THOMPSON, | * |
| husband, | * |
| | * |
| Plaintiffs, | * |
| | * CIVIL ACTION NO. 2:06-cv-420-WHA |
| v. | * |
| | * |
| RUBEN GARZA, | * |
| | * |
| Defendants. | * |

**DEFENDANT'S BRIEF IN SUPPORT OF**
**MOTION FOR PARTIAL SUMMARY JUDGMENT**

**PROCEDURAL HISTORY**

This case involves an automobile accident involving the parties which occurred on August 18, 2005. (See Exhibit A, Complaint). The wreck occurred at the intersection of U.S. Highway 31 and the exit ramp of Exit 186 of Interstate 65. *Id.* The Defendant, Ruben Garza, had exited Interstate 65 at the Exit 186 ramp and was preparing to make a left turn at the intersection with U.S. Highway 31. The Plaintiff, Ashley Thompson, was traveling northbound on U.S. Highway 31. (See Exhibit B, Depo. of A. Thompson, p. 29). After stopping at the stop sign at the end of the exit ramp, Garza pulled into the intersection and was involved in a collision with the vehicle operated by Ashley Thompson.

On May 9, 2006, suit was filed by Ashley Thompson, her two minor children, and

her husband, Ronald Thompson, against Ruben Garza and his employer.[1] (See Exhibit A, Complaint). The Complaint filed by the Thompsons asserts claims of (1) negligence, (2) wantonness, and (3) loss of consortium. *Id.* The loss of consortium claim seeks damages both for the benefit of Ashley Thompson's husband, Ronald Thompson, but also their two minor children, Justin Thompson and Jordan Thompson. *Id.*

After service of the lawsuit, Garza filed a timely answer denying liability and asserting various affirmative defenses. Based on the following, Garza asserts that he is entitled to summary judgment on the Plaintiffs' claim of wantonness. Garza also asserts he is entitled to partial summary judgment on the loss of parental consortium claims asserted on behalf of the Thompsons' minor children, Justin and Jordan Thompson.

## UNDISPUTED MATERIAL FACTS

As noted above, this case involves a motor vehicle accident involving the parties which occurred on August 17, 2005. In describing the subject answer, Ruben Garza has testified as follows:

> "On August 17, 2005, I was involved in an automobile accident near Prattville, Alabama. After dropping off my grandson at Auburn University-Montgomery, I was traveling north on I-65 looking for a particular exit. I missed the exit I was looking for and proceeded to the next exit in order to make a U-turn to get back on the interstate and head back in the opposite direction. The exit where I was going to make the U-turn is an east-west highway overpass. As I exited I-65 to turn around, I came to a stop at the stop-sign at the end of the exit ramp with my left blinkers on. As I came to a stop, I noticed a car traveling from my right to my left. I came to a full stop at the stop sign and was waiting for the car to go by before making my left turn. The approaching car (on my right) came to a complete stop for no apparent reason before reaching the front of my vehicle. There were no stop

---

[1]Garza's employer, Geo-Marine, Inc., has previously been dismissed from this case pursuant to a prior Motion for Summary Judgment.

> signs for the vehicles traveling east-west over the overpass. I kept looking at the car that came to a complete stop slightly to my right waiting for the vehicle to continue since the vehicle had the right of way. The driver of the vehicle then waved with his hand for me to make my left turn. I assumed that he was having vehicle problems. I also assumed that it was clear for me to make the left turn and proceeded with the turn. As I started to make the turn I looked to my left and saw the incoming car driven by Ashley Thompson and it hit my vehicle on the front left tire well. I did not realize the vehicle driven by Ashley Thompson was approaching from my left until I had started pulling out into the intersection and could not avoid the accident."

(See Exhibit C, Aff. of R. Garza).

Ashley Thompson's version of the events is not materially different than that of Garza. At the time of the accident, Ashley Thompson was traveling north on U.S. Highway 31 with one of her children, Justin Thompson.[2] Ashley Thompson testified that she observed Garza coming off of the I-65 exit ramp at Exit 186 where it intersects with U.S. Highway 31. *Id.* at 29-31. Ashley Thompson confirmed that she saw Garza pull to the intersection and stop at the stop sign. (See Exhibit B, Depo. of A. Thompson, p. 33). As she approached the intersection, Garza entered the intersection in her lane of travel and the collision occurred. *Id.* at 33. With respect to other vehicles that may have been in the area, Ashley Thompson testified as follows:

> "Q. Do you have an estimate as to how far away you were from him when he began pulling out?

---

[2]Jordan Thompson, the other minor child of the Thompsons, was not in the vehicle at the time of the accident. Although Justin Thompson has a claim in this case for injuries sustained in the accident, the sole claim asserted by Jordan Thompson is a lack of parental consortium claim. The Defendant does not seek summary judgment on the negligence claim asserted on behalf of Justin Thompson related to his personal injuries; rather, the Defendant seeks partial summary judgment in his favor as to all wantonness claims asserted by the Plaintiffs and the parental consortium claims asserted by Justin and Jordan Thompson.

  A.  Approximately two to three feet.

  Q.  Very close?

  A.  Very close.

  Q.  At the intersection where the accident happened, Ms. Thompson, did you see any vehicles that were stopped at or near the intersection other than Mr. Garza?

  A.  There might have been a car in the lane coming this way like--I don't know how I would say it. Like where the exit goes back off to the Clanton exit, there may have been traffic coming that way, but I'm not sure if they were stopped or not, but I know there was quite a bit of traffic.

  Q.  And 31 at that point where that road is is it just a two-lane highway?

  A.  Yes, sir.

  Q.  And if there was a vehicle stopped coming towards you, you're just not sure if that happened or not?

  A.  I'm not exactly sure.

*Id.* at 36-37.

According to Ashley Thompson, when Garza pulled out in front of her, she applied her brakes and veered to the right to try to avoid the collision. *Id.* at 37-39. Unfortunately, she was unable to avoid Garza and the two vehicles collided.

## SUMMARY JUDGMENT STANDARD

Under Rule 56(c), Fed.R.Civ.P., summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322

(1986). The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 323-23.

Once the moving party has met its burden, Rule 56(e), "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 323. To avoid summary judgment, the nonmoving party 'must do more than show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). On the other hand, the evidence of the nonmovant must be believed and all justifiable inferences must be drawn in its favor. *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986).

After the nonmoving party has responded to the motion for summary judgment, the Court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P.

## **ARGUMENT**

I.  There Is No Evidence to Support Plaintiffs' Wantonness Claim

Wantonness is statutorily defined as "conduct which is carried on with a reckless or conscious disregard fo the rights or safety of others." *Ala. Code* 1975, § 6-11-20(b)(3). Wantonness has been defined by the Alabama Supreme Court as:

> "the conscious doing of some act or the omission of some duty under the knowledge of the existing conditions, and conscious that from the doing of such act or omission of such duty injury will likely or probably result. "

*Britton v. Doehring*, 242 So. 2d 666 (Ala.1970); *Westbrook v. Gibbs*, 231 So. 2d 97 (Ala.1970); *Tucker v. Cox,* 213 So. 2d 222 (Ala.1968); *Culpepper & Stone Plumbing & Heating Co. v. Turner*, 162 So. 2d 455 (Ala.1964).

The Alabama Supreme Court has often reiterated that while ordinary negligence involves inadvertence, wantonness requires a showing of a conscious or an intentional act. *Scott v. Villegas*, 723 So. 2d 642, 643 (Ala. 1998); *Hornady Truck Line, Inc. v. Meadows*, 847 So. 2d 908, 915-916 (Ala. 2002). In the present case, Plaintiffs have asserted a claim of negligence against Garza for his actions in pulling out into the intersection after stopping his truck completely, and beginning to make a left turn when he thought the intersection was clear. This claim alleges inadvertence or carelessness at worst. However, Plaintiffs have also asserted a wantonness claim based on those same actions.

In *Partridge v. Miller*, 533 So.2d 585 (Ala. 1989), the defendant made a left turn in front of the plaintiff's vehicle. Neither vehicle was exceeding the posted speed limit. *Id.* The trial court granted a directed verdict for the defendant on the issue of wantonness at the close of the plaintiff's case. *Id.* In affirming the decision of the trial court, the Alabama Supreme Court stated as follows:

> Even [viewing] the evidence most favorably to the [plaintiffs] there is not a scintilla of evidence that [the defendant] 'consciously and intentionally did some wrongful act or omitted some duty which produced injury' to the [plaintiffs]. *McGehee v. Harris*, 416 So.2d 729 (Ala.1982)... The only reasonable inference that can be drawn from the evidence in the present case is that [the defendant] failed to exercise good judgment in executing the turn. The [plaintiffs] offered evidence that tended to show only negligence on [the defendant's] part, and the question of negligence was properly submitted to the jury for its resolution. The trial court did not err in directing a verdict for [the defendant] on the issue of wantonness. *Id.* at 587-88.

Similarly, in *George v. Champion Insurance Company*, 591 So.2d 852 (Ala. 1991), the Alabama Supreme Court held that the following circumstances did not constitute wantonness:

> The occupants of the [defendant's] car were engaged in conversation. As the [defendant's] car approached the intersection of the parkway and Golf Road, [the defendant] saw that the traffic light was green. She glanced back in conversation. When she looked forward, the traffic light was red. [A passenger] cried out for her to stop. [The defendant] testified in her deposition that she tried to put her foot on the brake pedal, but missed and hit the clutch pedal. She ran the red light, and her automobile collided with a vehicle that turning left in front of her. *Id.* at 854.

The court held that the facts of this case, when viewed in a light most favorable to the Plaintiff, did not provide substantial evidence of wantonness on the part of the driver of the vehicle. "While the facts show inadvertence on the part of the driver, they do not amount to wantonness, which require some degree of conscious culpability." *Id.*

In *Ex parte Anderson*, 682 So.2d 467 (Ala. 1996), the defendant stopped at an intersection, looked for oncoming traffic, failed to see any traffic, started to make a left turn, and was struck in the passenger side of her vehicle by an oncoming vehicle. The court ruled that this conduct did not constitute wantonness of the driver had looked and simply failed to see the oncoming vehicle. *Id.* at 470. Also, in *Dorman v. Jackson*, 623 So.2d 1056

(Ala. 1993), the driver of the vehicle slowed down when nearing an intersection, failed to see any oncoming vehicles, attempted to make a left turn into the traffic lanes, and was struck by another vehicle. The court found that the plaintiff failed to present substantial evidence of wantonness sufficient to overcome summary judgment. *Id.*

      The undisputed facts of this case are that Garza exited Interstate 65 North at Exit 186 in an attempt to use the exit to get back on Interstate 65 South. Both Garza and Ashley Thompson agree that Garza brought his vehicle to a complete stop at the stop sign located at the end of the exit ramp. Ashley Thompson was approaching from Garza's left. Although Garza checked the intersection to see if it was clear, the vehicle approaching from his right stopped in the intersection for no apparent reason, apparently distracting Garza. Garza then attempted to make his left turn and was involved in the accident at issue in this case. As the cases cited above indicate, a wantonness claim is not appropriate in cases of this nature which involve, at worst, inadvertence or carelessness. This is not a case where Garza ran through the stop sign or was trying to beat Ashley Thompson through the intersection; rather, this is a case where a driver simply did not realize a vehicle was approaching from his left before attempting his turn. While the facts of this case may support a claim of negligence, there is no evidence that Garza acted with reckless or conscious disregard for the rights or safety of others, including Ashley Thompson. Accordingly, Garza is entitled to summary judgment on the wantonness claim asserted against him in this case.

II.  **The Defendant is Entitled to Summary Judgment on the Loss of Parental Consortium Claims Asserted by the Thompsons' Two Minor Children**

As described above, the Thompsons' two minor children, Justin and Jordan Thompson, have asserted claims of loss of parental consortium as a result of the injuries sustained by their mother, Ashley Thompson, in this accident. In *Barton v. American Red Cross*, 804 F.Supp. 1455 (M.D. Ala. 1992), Judge Thompson, after a thorough analysis of the law in existence at that time, concluded that the Alabama Supreme Court would likely recognize a claim for loss of parental consortium, but only to the extent of loss of services. However, <u>subsequently</u>, the Alabama Supreme Court issued the opinion of *Patterson v. Hayes*, 623 So.2d 1142 (Ala. 1993). In the *Patterson* case, the Court rejected a claim of loss of parental consortium. In refusing to recognize loss of parental consortium as a valid cause of action, the Court stated as follows:

> "Although we note the plaintiffs' argument that 'Alabama's denying a child a right to prosecute a loss of consortium claim for injuries to his parent does not reflect a universal view,' that is the law in Alabama."

623 So.2d at 1146. Since the *Patterson* case, there have been no subsequent decisions from the Alabama Supreme Court recognizing a claim under Alabama law for loss of parental consortium.

Based on the foregoing, the Defendant respectfully requests this Honorable Court to enter summary judgment in his favor on the loss of parental consortium claims asserted on behalf of Ashley Thompson's two minor children, Justin and Jordan Thompson. This cause of action is not recognized under Alabama law and Garza is entitled to judgment as a matter of law on these claims.

## **CONCLUSION**

Based on the foregoing, Garza asserts that he is entitled to summary judgment on the wantonness claim asserted against him arising from the accident at issue in this case. Further, Garza asserts that he is also entitled to summary judgment on the loss of parental consortium claims asserted on behalf of the Thompsons' two minor children, Justin and Jordan Thompson. Garza notes that this is a motion for partial summary judgment and that Garza is not currently seeking summary judgment with respect to the negligence claims brought on behalf of Ashley Thompson and Justin Thompson, nor is Garza seeking summary judgment at this time with respect to the loss of consortium claim asserted by Ronald Thompson, the spouse of Ashley Thompson.

Respectfully submitted this the 28th day of February, 2007.

/s/ S. Anthony Higgins
S. ANTHONY HIGGINS
Attorney for Defendant, Ruben C. Garza

OF COUNSEL:
NIX HOLTSFORD GILLILAND HIGGINS & HITSON, P.C.
P. O. Box 4128
Montgomery, Alabama 36103
Tel: 334-215-8585
Fax: 334-215-7101

## CERTIFICATE OF SERVICE

      I hereby certified that on the 28th day of February, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Jay Lewis, Esq.
K. Anderson Nelms, Esq.
Law Offices of Jay Lewis, LLC
P. O. Box 5059
Montgomery, AL 36104

Virginia R. Lucci, Esq.
516 S. Perry Street
Montgomery, AL 36104

                                              /s/S. Anthony Higgins
                                              Of Counsel