IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ASHLEY H. THOMPSON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:06-cv-420-WHA |
| | ) | |
| RUBEN GARZA, | ) | (WO) |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

  This case is before the court on a Motion for Partial Summary Judgment (Doc. #29) filed by Defendant Ruben Garza.

  The Plaintiffs, Ashley H. Thompson, Jo. Thompson (a minor child), Ju. Thompson (a minor child), and Ronald C. Thompson, filed a Complaint in this case bringing claims of negligence (Count One), wantonness (Count Two), and loss of consortium (Count Three). Jurisdiction is based on diversity of citizenship in that the Plaintiffs are citizens of Alabama and the Defendant is a citizen Texas, and the requisite amount is in controversy. Another Defendant, also a citizen of Texas, was previously granted summary judgment in this case.

  The remaining Defendant, Ruben Garza, has moved for summary judgment as to the wantonness count of the Complaint, and as to the loss of consortium claims asserted by the minor children within Count Three of the Complaint. Garza is not moving for summary judgment as to the negligence count or Plaintiff Ronald Thompson's loss of consortium claim within Count Three of the Complaint.

Garza has moved for summary judgment as to the wantonness count arguing that there is no evidence that his conduct would constitute wantonness under Alabama law. In their Response to the Motion for Summary Judgment, the Plaintiffs concede that the facts in this case do not support a claim of wantonness.[1] Accordingly, summary judgment is due to be granted to Garza as to Count Two of the Complaint.

Garza also has moved for summary judgment as to the loss of consortium claims asserted in Count Three by the minor children for the loss of consortium of Ashley Thompson, citing to *Patterson v. Hayes*, 623 So. 2d 1142, 1146 (Ala. 1993). The Plaintiffs concede that a claim for loss of parental consortium is not recognized under Alabama law.

Accordingly, it is hereby ORDERED as follows:

1. The Motion for Partial Summary Judgment (Doc. #29) is hereby GRANTED and Judgment is entered in favor of Ruben Garza and against Ashley H. Thompson, Ju. Thompson, Jo. Thompson, and Ronald Thompson on the wantonness claim in Count Two of the Complaint and on the claims for loss of parental consortium asserted by the minor children within Count Three of the Complaint.

2. The case will proceed on the negligence claims of Ashley and Ju. Thompson asserted in Count One, and on the loss of consortium claim brought by Ronald Thompson in Count Three of the Complaint.

---

[1] Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

Done this 22nd day of March, 2007.

/s/ W. Harold Albritton
W.  HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE